United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KATHY LEE,                                    No. C-10-0104 MMC

12                 Plaintiff,                       **ORDER GRANTING IN PART AND
                                                    DENYING IN PART DEFENDANTS'**
13      v.                                          **MOTIONS TO DISMISS; AFFORDING
                                                    PLAINTIFF LEAVE TO FILE SECOND**
14   CITY OF SAN LEANDRO, et al.,                   **AMENDED COMPLAINT**

15                 Defendants.

16   _____/

17        Before the Court are two motions to dismiss plaintiff Kathy Lee's First Amended

18   Complaint ("FAC"), or, in the alternative, for a more definite statement:  (1) a motion by

19   defendants City of San Leandro, Chief of Police Ian R. Willis, Detective Neil Goodman,

20   Detective Derrel Ramsey, Officer Louie Brandt, Officer Louie Guillen, and Sergeant Rick

21   DeCosta, filed April 20, 2010; and (2) a motion by defendant Officer Deborah Trujillo, filed

22   April 26, 2010.  No opposition to either motion has been filed.  Having read and considered

23   the papers filed in support of the motions, the Court rules as follows:[1]

24        1.  To the extent the First and Second Causes of Action are based on a claim that

25   defendants violated 42 U.S.C. § 1985, which prohibits conspiracies to violate civil rights,

26   and § 1986, which prohibits the refusal to stop a known conspiracy to violate civil rights, the

27   First and Second Causes of Action are subject to dismissal, for the reason that plaintiff fails

28

        [1]By order filed May 18, 2010, the Court took the motions under submission.

to allege sufficient facts to support a finding that a conspiracy existed.  Specifically,

plaintiff's conclusory allegation that each defendant "act[ed] in concert with the co-

defendants, with the shared objective to injure the plaintiff" (see FAC ¶ 26) is insufficient as

a matter of law.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 551 n.2, 555-56 (2007)

(holding, to state a claim of conspiracy, plaintiff must allege "enough facts to raise a

reasonable expectation that discovery will reveal evidence of illegal agreement"; finding

insufficient, in context of claim for alleged conspiracy to violate antitrust laws, allegation that

"defendants and their co-conspirators engaged in a . . . conspiracy to prevent competitive

entry in [the relevant] markets by, among other things, agreeing not to compete with one

another and to stifle attempts by others to compete with them and otherwise allocating

customers and markets to one another").

2.  To the extent the First and Second Causes of Action are based on a claim that

defendants, by engaging in an unreasonable search and seizure and by using excessive

force during the course of an arrest, deprived plaintiff of her Fourteenth Amendment right to

substantive due process, the First and Second Causes of Action are subject to dismissal.

See Graham v. Connor, 490 U.S. 386, 395 (1989) (holding "all claims that law enforcement

officers have used excessive force – deadly or not – in the course of an arrest,

investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth

Amendment and its 'reasonable' standard, rather than under a 'substantive due process'

approach") (emphasis in original).

3.  To the extent the Second Cause of Action is based on a claim that the City of

San Leandro "ratified and condoned" the individual defendants' alleged violation of

plaintiff's First Amendment rights (see FAC ¶ 29), the Second Cause of Action is subject to

dismissal.  Specifically, plaintiff fails to allege any facts to support a finding that any

individual defendant deprived plaintiff of her First Amendment rights, let alone that such

deprivation occurred as a result of a municipal policy.  See Monell v. Dep't of Social

Services, 436 U.S. 658, 691 (1978) (holding municipality may not be held liable under

§ 1983 "unless action pursuant to an official municipal policy of some nature caused a

1    constitutional tort").

2         4.  To the extent the Third Cause of Action, by which plaintiff alleges a claim of

3    intentional infliction of emotional distress, the Fourth Cause of Action, by which plaintiff

4    alleges a claim of false arrest and imprisonment, and the Fifth Cause of Action, by which

5    plaintiff alleges a claim of assault and battery, are asserted against the individual

6    defendants named herein, defendants have failed to show such claims are subject to

7    dismissal.  Contrary to defendants argument, a plaintiff need not allege facts to support a

8    finding that the individual defendants will be unable to rely on a defense based on the

9    statutory immunities set forth in § 820.2 and § 820.4.  See United States v. McGee, 993

10   F.2d 184, 187 (9th Cir. 1993) (holding plaintiff "not required to plead on the subject of an

11   anticipated defense"; citing Rule 8(c)); DeJung v. Superior Court,169 Cal. App. 4th 533,

12   538 (2008) (characterizing defense provided by § 820.2 as "affirmative defense of

13   discretionary immunity").  In any event, plaintiff alleges that each individual defendant used

14   excessive force during the course of her arrest (see FAC ¶ 23), and such allegation, if

15   proven true, would preclude the individual defendants from establishing their entitlement to

16   immunity.  See Robinson v. Solano County, 278 F.3d 1007, 1016 (2002) ("California denies

17   immunity to police officers who use excessive force in arresting a suspect.").

18        5.  To the extent the Third, Fourth, and Fifth Causes of Action are asserted against

19   the City of San Leandro, defendants have failed to show the claims are subject to

20   dismissal.  Specifically, defendants' argument that "no statute in California authorizes

21   [such] cause[s] of action against a public entity" (see Defs.' Mem of P. & A., filed April 20,

22   2010, at 9:20-22), is incorrect.  As the Ninth Circuit has recognized, pursuant to § 815.2 of

23   the California Government Code, a municipality can be held liable under the "doctrine of

24   respondeat superior" for the wrongful conduct of its employees.  See Robinson, 278 F.3d at

25   1016.

26        6.  Finally, to the extent defendants seek issuance of an order directing plaintiff to file

27   a more definite statement, the motions will be denied, as defendants have failed to show

28   they cannot reasonably form a response to the remaining claims.  See Fed. R. Civ. P. 12(e)

1    (providing more definite statement is properly required where complaint is "so vague or

2    ambiguous that the [defendant] cannot reasonably form a response").

3                                            **CONCLUSION**

4          For the reasons stated above, defendants' motions to dismiss or, in the alternative,

5    for a more definite statement, are hereby GRANTED in part and DENIED in part, as

6    follows:

7          1.  To the extent the motions seek dismissal of plaintiff's claims that defendants

8    violated 42 U.S.C. §§ 1985 and 1986, and deprived plaintiff of substantive due process,

9    which claims are included within the First and Second Causes of Action, the motions are

10   GRANTED, and such claims are hereby DISMISSED.

11         2.  To the extent the motions seek dismissal of plaintiff's claim that defendants

12   deprived plaintiff of her First Amendment rights, which claim is included within the Second

13   Cause of Action, the motions are GRANTED, and such claim is hereby DISMISSED

14         3.  In all other respects, the motions are DENIED.

15         4.  If plaintiff wishes to file a Second Amended Complaint to cure the deficiencies set

16   forth above with respect to her § 1985, § 1986, and First Amendment claims, plaintiff shall

17   file any such Second Amended Complaint no later than June 22, 2010.  Plaintiff may not,

18   however, amend to add any new claims or defendants without leave of court.

19         **IT IS SO ORDERED.**

20

21   Dated:  June 1, 2010

22                                                                    MAXINE M. CHESNEY
                                                                      United States District Judge

23

24

25

26

27

28

                                                 4