Kimberly E. Colwell (SBN: 127604)
kcolwell@meyersnave.com
Matthew A. Lavrinets (SBN: 227234)
mlavrinets@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorney for Defendants
CITY OF SAN LEANDRO, POLICE CHIEF IAN R. WILLIS,
DETECTIVE GOODMAN, DETECTIVE RAMSEY,
OFFICER L. BRANDT, OFFICER GUILLEN, and DET. SGT. DeCOSTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY LEE,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, IAN R. WILLIS, in his official capacity as Chief of Police in San Leandro, OFFICER DEBORAH TRUJILLO (#297), individually and in her official capacity, SAN LEANDRO POLICE DEPARTMENT, DETECTIVE GOODMAN (#282), individually and in his official capacity, DETECTIVE RAMSEY (#307), individually and in his official capacity, OFFICER L. BRANDT (#273), individually and in his official capacity, OFFICER GUILLEN (#291), individually and in his official capacity, DET. SGT. DeCOSTA (#234), individually and in his official capacity, and DOES 1-40,<br><br>               Defendants. | Case No: C 10-00104 MMC (LB)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>First Amended Complaint Filed:<br>April 5, 2010 |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action and all related actions are likely to involve production of confidential, proprietary, or private information, including information regarding minors or juveniles, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1   **Party**: any party to this action, including all of his/her/its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   **Confidential and Protected Document**: for purposes of this Agreement, the term "Confidential and Protected Document" shall be deemed to refer solely to all documents in the possession, custody or control of the City of San Leandro that contain information concerning minors or juveniles.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Confidential and Protected Documents (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

presentations by parties or counsel to or in court or in other settings that might reveal Confidential and Protected Documents.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until all parties agree otherwise in writing or a court order otherwise directs.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1   **Object in Writing**.  Any party may object in writing to the designation of a document as confidential and protected.  If the parties are unable to resolve an objection within fourteen days of making the objection, the party making the objection may submit the issue to the Court for resolution.  Until the Court resolves the issue, the material shall be treated as confidential.  The failure of a party to challenge the confidentiality of a document will not constitute an admission that the document is or is not confidential.  Nor will such failure constitute an admission that the document is or is not admissible.

6. **ACCESS TO AND USE OF CONFIDENTIAL AND PROTECTED DOCUMENT**

6.1   **Provisions**.  The following provisions shall govern the use of a "Confidential and Protected Document" by any person to whom such document is produced, whether in response to discovery or otherwise or disclosed in the course of this litigation:

(a)   All Confidential and Protected Documents produced in this action (and all copies, excerpts, digests, summaries, and indices of these documents) can only be viewed by the parties' attorneys of record in this Action, and the attorneys' necessary staff, who all will agree to be bound by this Order.  All Confidential and Protected Documents shall be clearly marked, "Confidential and Protected Documents Subject to Protective Order."

(b)   Any Confidential and Protected Document (and any copy, excerpt, digest, summary, or index thereof) and the information contained therein will be used only for the purpose of preparation and trial of the above-captioned lawsuit.  Prior to the introduction of any confidential and protected document for the purposes of deposition the attorney desiring to introduce said document will meet and confer with all Parties' Attorneys on the proposed usage and introduction of the

document.

(c)  All Confidential and Protected Documents produced in this action shall be returned to counsel for the parties who produced the documents or shall be destroyed at the conclusion of this lawsuit.

(d)  Confidential and Protected Documents and the information contained therein will not be disclosed by the parties' attorneys, except to the Court, court personnel, certified court reporters, consultants, and experts engaged to prepare their respective claims or defenses in this case.  Such court reporters, consultants, and experts will agree to be bound by the terms of this Agreement.

(e)  The Confidential and Protected Documents and the information contained therein may be shown to and used by experts and consultants engaged by or for parties to this litigation and their insurers for the purposes of preparing this case for trial.  All notes, copies or other reproductions of the text of the documents, however made, shall be returned to counsel for the parties who produced the documents or shall be destroyed at the conclusion of this lawsuit.  Any work product, report, memorandum or oral presentation by an expert or consultant that contains information from Confidential and Protected Documents or contains information derived from Confidential and Protected Documents shall not be shown to or discussed with any party to this Action.

(f)  In the event that a Confidential and Protected Document is introduced into evidence or otherwise filed with the Court during the pendency of trial of this lawsuit, counsel introducing or filing such document will, at the conclusion of this lawsuit, promptly request return of such document and, upon receipt thereof, shall return the document to the party who produced it or destroy it.

(g)  Each document or thing designated by any party as confidential and protected and, therefore, subject to the terms of this Agreement will be plainly marked with a legend identifying it as a "Confidential and Protected Documents Subjected to Protective Order" subject to the terms of this Agreement.

(h)  At the conclusion of this lawsuit, all documents, transcripts, answers to interrogatories, exhibits or portions thereof that have been designated as confidential and protected,

that have been obtained as a result of discovery in this action, and that are in the possession of counsel, a party, expert, or consultant shall be returned to the party who produced the documents or destroyed upon request.

(i) All provisions herein regarding confidentiality and non-disclosure of any document and the information contained therein shall continue to be in force after the conclusion of this lawsuit or the return of any document.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If any Party is served with a subpoena ("Subpoenaed Party") or an order issued in other litigation that would compel disclosure of the information or items designated in this action as a "Confidential and Protected Document," that Party must so notify the City, and all affected Parties in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Subpoenaed Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Subpoenaed Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Subpoenaed Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The City shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging Subpoenaed Party in this action to disobey a lawful directive from another court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Subpoenaed Party learns that, by inadvertence or otherwise, it has disclosed Confidential and Protected Documents or information contained in them to any person or in any circumstance not authorized under this Stipulated Protective Order, the Subpoenaed Party must

immediately (a) notify in writing the City, and all affected Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential and Protected Documents or information contained in them, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>FILING PROTECTED MATERIAL</u>   The Parties hereby agree that the Protected Materials may be used for any and all purposes related to this litigation, including, without limitations, during depositions or as part of court filings.  Any Party desiring to file this material under seal must comply with Civil Local Rule 79-5.

10. <u>MISCELLANEOUS</u>

10.1 <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  April 7, 2011            Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By:_____/s/     Matthew A. Lavrinets_____
   Matthew A. Lavrinets
   Attorneys for Defendants
   CITY OF SAN LEANDRO, POLICE CHIEF IAN R. WILLIS, DETECTIVE NEIL GOODMAN, OFFICER LOUIE BRANDT, OFFICER LOUIE GUILLEN, and SGT. RICK DeCOSTA

///

///

| | |
|---|---|
| Dated: April 7, 2011 | LAW OFFICE OF RUSSELL A. ROBINSON |
| | By:    /S/ |
| |      Russell A. Robinson |
| |      Attorney for Plaintiff Kathy Lee |
| | |
| DATED: April 7, 2011 | LAW OFFICE OF STEPHEN M. FUERCH |
| | By:    /S/ |
| |      Stephen M. Fuerch |
| |      Attorneys for Defendant Deborah Trujillo |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   April 12, 2011                                  
                                                      Hon. Laurel Beeler
                                                      United States Magistrate Judge

*[Stamp: IT IS SO ORDERED — Judge Laurel Beeler — United States District Court, Northern District of California]*

1625410

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court].  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature:     _____

1625410