IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY LEE, | No. C-10-0104 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF SAN LEANDRO, et al., | |
| Defendants. | |

Before the Court are two motions: (1) a Motion for Summary Judgment, filed April 29, 2011 by defendants Officer Goodman, Sergeant DeCosta, the City of San Leandro, and the San Leandro Police Department (collectively, "City Defendants"); and (2) a Motion for Summary Judgment or, in the Alternative, for Summary Adjudication of Issues, filed April 29, 2011 by defendant Officer Deborah Trujillo ("Officer Trujillo"). No opposition to either motion has been filed.[1] Having read and considered the papers filed in support of the motions, the Court, for the reasons set forth below, finds defendants are entitled to summary judgment on plaintiff's remaining claims.[2]

---

[1] The deadline for filing opposition was May 20, 2011. (See Amended Civil Minutes, filed May 20, 2011.) By order filed May 25, 2011, the Court took the motions under submission.

[2] Plaintiff's complaint includes claims that defendants, by conspiring to violate certain of plaintiff's civil rights, violated 42 U.S.C. §§ 1985 and 1986. By order filed June 1, 2010, the Court dismissed plaintiff's claims arising under §§ 1985 and 1986. Accordingly, the Court does not address herein defendants' argument that they are entitled to summary judgment on plaintiff's §§ 1985 and 1986 claims.

1. To the extent plaintiff's First and Second Causes of Action, each of which alleges a violation of 42 U.S.C. § 1983, are based on a claim that defendants engaged in an unlawful search of plaintiff's residence, defendants are entitled to summary judgment.

    a. Plaintiff, by failing to timely respond to defendants' respective Requests for Admission, is deemed to have admitted the search was conducted pursuant to a lawfully obtained warrant. (See Fuerch Decl. ¶¶ 4-5, Ex. 2 at 1:3-7, Ex. 3 at 3:17; Lavrinets Decl. ¶¶ 6-7, Ex. E at 1:8-9, Ex. F at 3:23); Fed. R. Civ. P. 36(a)(3) (providing "matter is admitted" if party to whom request for admission fails to respond within 30 days); see, e.g., Vaughn v. Sacramento City Police, 361 Fed. Appx. 756, 757 (9th Cir. 2010) (affirming summary judgment where plaintiffs failed to timely respond to defendants' request for admission that defendants had not violated plaintiffs' rights during search of premises).

    b. Alternatively, as defendants have shown, the search was conducted pursuant to a warrant, the issuance of which was based on a non-conclusory affidavit demonstrating probable cause to believe stolen property was located at plaintiff's residence (see Trujillo Decl. ¶¶ 4-5, Exs. 1-2), and plaintiff has failed to offer any evidence to support her allegation the warrant was obtained through deception. See Ewing v. City of Stockton, 588 F.3d 1218, 1223-24 (9th Cir. 2009) (holding that to establish claim warrant was procured through deception, plaintiff must show defendant "deliberately or recklessly made false statements or omissions that were material to the finding of probable cause").

2. To the extent plaintiff's First and Second Causes of Action are based on a claim that defendants engaged in excessive force and/or subjected plaintiff to an unreasonable seizure, defendants are entitled to summary judgment.

    a. Plaintiff, by failing to timely respond to defendants' respective Requests for Admission, is deemed to have admitted that no excessive force was used, that she was not assaulted or battered, that she was not injured by any officer, that she was allowed to use the bathroom, and that she was allowed to use her medications. (See Fuerch Decl. ¶¶ 4-5, Ex. 2 at 2:13-16, 2:24-3:3, Ex. 3 at 3:17; Lavrinets Decl. ¶¶ 6-7, Ex. E at 1:17-21, 2:2-9, Ex. F at 3:23); Fed. R. Civ. P. 36(a)(3).

   b. Alternatively, defendants have submitted evidence, none of which plaintiff has disputed, showing plaintiff was handcuffed only after she failed to comply with a directive not to use the telephone (see Lavrinets Decl. Ex. A at 24-25),[3] that the handcuffs were removed when plaintiff asked to use insulin (see id. Ex. A at 38-39), and, contrary to plaintiff's allegations, that she did not urinate on herself (see Fuerch Decl. Ex. A at 31:25-32:2). In light of such circumstances, The Court finds a reasonable trier of fact could not conclude plaintiff was subjected to excessive force or an unreasonable seizure. See Muehler v. Mena, 544 U.S. 93, 98-99 (2005) (holding officer executing search warrant has authority to detain occupant while search is conducted and to use "reasonable force to effectuate the detention").

  3. To the extent plaintiffs' First and Second Causes of Action are based on a claim that defendants treated plaintiff differently from other citizens on account of plaintiff's race and/or gender, defendants are entitled to summary judgment. In her responses to defendants' interrogatories, plaintiff was unable to identify any admissible evidence to support such claim. (See Lavrinets Decl. Ex. H at 7:1-2; Fuerch Decl. Ex. 3 at 6).[4]

  4. To the extent plaintiff's Second Cause of Action is based on a claim of municipal liability, City Defendants are entitled to summary judgment.

   a. Plaintiff, by failing to timely respond to City Defendants' Requests for Admission is deemed to have admitted that the City of San Leandro did not fail to train or supervise its officers. (See Lavrinets Decl. ¶¶ 6-7, Ex. E at 2:11, Ex. F at 3:23); Fed. R.

---

[3] The warrant identified two residences, the second being the home of the alleged co-conspirator. (See Trujillo Decl. Ex. 2.) Plaintiff's residence was searched first, and at least one officer remained at plaintiff's residence while the second residence was searched. (See Goodman Decl. ¶ 9). Defendants were not unreasonable in prohibiting plaintiff from using the telephone, as plaintiff could have used the telephone to contact, either directly or indirectly, an occupant of the second residence. See Ganwich v. Knapp, 319 F.3d 1115, 1123 (9th Cir. 2003) (noting prohibition on detainee's use of telephone reasonable where detainee could contact person located at site of premises scheduled to be searched subsequently, provided all officers do not leave detainee's premises before beginning of subsequent search).

[4] Plaintiff's statements, in her respective responses to defendants' interrogatories, that she "is informed the officers did not treat the other involved – causasian – family in the same manner" (see id.), is inadmissible hearsay and conclusory.

1 Civ. P. 36(a)(3).

2       b. Alternatively, because defendants, for the reasons stated above, are
3 entitled to summary judgment as to each of plaintiff's claims that her civil rights were
4 violated during the course of the search, plaintiff cannot establish a claim of municipal
5 liability. See Orin v. Barclay, 272 F. 3d 1207, 1217 (9th Cir. 2001) (holding § 1983 claim for
6 municipal liability "fails as a matter of law unless a city employee's conduct violates one of
7 the plaintiff's federal rights"), cert. denied, 536 U.S. 958 (2002).

8     5. Defendants are entitled to summary judgment on plaintiff's Third Cause of Action,
9 by which plaintiff alleges a claim of intentional infliction of emotional distress.

10       a. Plaintiff, by failing to timely respond to defendants' Requests for
11 Admission, is deemed to have admitted that none of the defendants caused her any injury
12 or intended to cause her any injury. (See Fuerch Decl. ¶¶ 4-5, Ex. 2 at 2:18-19, 3:2-3, Ex.
13 3 at 3:17; Lavrinets Decl. ¶¶ 6-7, Ex. E at 1:23-24, 2:8-9, Ex. F at 3:23); Fed. R. Civ. P.
14 36(a)(3).

15       b. Alternatively, because the Third Cause of Action is wholly derivative of
16 plaintiff's First and Second Causes of Action (see FAC ¶¶ 33-37), such claim fails for the
17 reasons stated above with respect to the First and Second Causes of Action.

18     6. Defendants are entitled to summary judgment on plaintiffs Fourth Cause of
19 Action, by which plaintiff alleges a state law claim of false arrest and false imprisonment.

20       a. Plaintiff, by failing to timely respond to defendants' Requests for
21 Admission, is deemed to have admitted she was not unlawfully detained, arrested or
22 imprisoned by any defendant. (See Fuerch Decl. ¶¶ 4-5, Ex. 2 at 2:9-11, 21-22, Ex. 3 at
23 3:17; Lavrinets Decl. ¶¶ 6-7, Ex. E at 1:11-15, 26-27); Fed. R. Civ. P. 36(a)(3).

24       b. Alternatively, in light of the valid warrant, the initial entry and detention
25 were lawful, and, as discussed above, plaintiff has offered no evidence to show the
26 circumstances of the detention were unreasonable. See Wood v. Emerson, 155 Cal. App.
27 4th 1506, 1526 (2008) (holding "issuance of a search warrant implicitly carries with it the
28 limited authority to detain the occupants of the premises while a search is carried out," and

"occupants may be handcuffed" when "it is reasonable to do so").

    7. Defendants are entitled to summary judgment on plaintiff's Fifth Cause of Action, by which plaintiff alleges a state law claim of assault and battery.

        a. Plaintiff, by failing to timely respond to City Defendants' Requests for Admission, is deemed to have admitted that no defendant assaulted or battered her. (See Lavrinets Decl. ¶¶ 6-7, Ex. E at 1:20-21); Fed. R. Civ. P. 36(a)(3). Moreover, in her untimely response to Officer Trujillo's Requests, plaintiff affirmatively admitted that Officer Trujillo did not assault or batter her. (See Fuerch Decl. Ex. 3 at 2:8-11.)

        b. Alternatively, as set forth in plaintiff's deposition testimony, the only physical contact that occurred between plaintiff and any defendant is the contact incident to plaintiff's being placed in handcuffs. (See Lavrinets Decl. Ex. A at 88, 93-94.) As discussed above, there is no evidence from which a trier of fact could find such use of handcuffs unreasonable. See Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1273 (1998) (holding, where defendant is police officer, "prima facie battery is not established unless and until plaintiff proves unreasonable force was used").

## CONCLUSION

For the reasons stated above, with respect to each of plaintiff's remaining claims, defendants' motions for summary judgment are hereby GRANTED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 3, 2011

MAXINE M. CHESNEY  
United States District Judge